KC FILED CH

JAN 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER CANGELOSI as Special )
Administrator of the Estate of CONCETTA CANGELOSI )
 Deceased )
        Plaintiff,

Vs.

SUNRISE SENIOR LIVING SERVICES INC, a
Delaware Corporation d/b/a CHURCH CREEK
NURSING HOME and SUNRISE CONTINUING CARE )
L.L.C. Licensee of CHURCH CREEK NURSING HOME )

08CV438
JUDGE KENNELLY
MAGISTRATE JUDGE VALDEZ

**COMPLAINT AT LAW**

**COUNT I**

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorney, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME states as follows:

1. That on and before February 5, 2007 and at all times hereinafter mentioned the Defendant SUNRISE SENIOR LIVING SERVICES INC was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook operating and owning nursing homes and was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME) and was the operator manager and employer of those who work at a facility known as a Nursing

Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

2. Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C was the licensee of an assigned living center commonly known as a CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

3. That on or before February 5, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, was a resident of the State of Illinois and County of Cook and was a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendants collectively known herein as CHURCH CREEK NURSING HOME a facility in Arlington Heights Count of Cook and State of Illinois.

4. That the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME were at all times hereinafter mentioned foreign corporations and the Plaintiff was a resident of the State of Illinois and the

matter in controversy was valued at over $75,000.00 thereby gaining the jurisdiction of this court by reason of diversity of citizenship.

5. That on or between November 6, 2006 and February 5, 2007 the Plaintiff's decedent did not have any active ongoing decubitus wounds on her backside but did have some small areas of redness.

6. That by February 5, 2007 the Plaintiff's decedent developed a severe decubitus on her back side which in time thereafter developed from a Stage 1 to a Stage IV decubitus which necessitated major medical care to attempt to cure her.

7. That on or about June 27, 2007 she was required to wear braces on her feet which then and there served as an additional pressure causing pressure ulcers to form on her heels.

8. That at all times mentioned herein it was the duty of the Defendants (collectively referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

9. Further, under and pursuant to 42 C.F.R. Section 483.25 © the Defendant at all times herein owed a duty to the Plaintiff's decedent, to insure that the Plaintiff's decedent who was a resident at Defendant's facility in November 2006 without pressure sores did not develop pressure sores on her buttocks or heels and further owed a duty to insure that Plaintiff's decedent was given the necessary treatment and services to promote the healing and prevent infection and prevent new sores from developing from any apparent redness at the time of admission.

10. That notwithstanding the duties aforementioned, the Defendant by and through its agents and employees were guilty of one or more the aforementioned acts of negligence or omission: to wit:

   a. Carelessly and negligently failed to provide the Plaintiff's decedent with the necessary cushions, pads and mattresses necessary to prevent decubitus when they knew or should have known that the Plaintiff's decedent was incontinent and had diarrhea.
   b. Carelessly and negligently failed to turn the plaintiff's decedent or move her seated position every two hours consistent with 42 C.F.R. Section 483
   c. Carelessly and negligently failed to notice pressure sores timely and treat them with good sound medical care to prevent them from becoming progressively worse.
   d. Carelessly and negligently failed to prevent Plaintiff's decedent from developing Decubitus lesions.
   e. Carelessly and negligently failed to prevent developing decubitus lesions from spreading or becoming worse.
   f. Carelessly and negligently failed to perform comprehensive assessments, skin assessments and medically review Plaintiff's decedent's decubitus problem.
   g. Was otherwise careless and negligent in the care and treatment of Plaintiff's decedent.

11. That as a direct and proximate result of one or more of the aforesaid unskillful and negligent acts of the defendant acting by and through their agents, and employees, the decedent's condition of ill-being became worse and as a result of which she suffered a crater like decubitus lesion on her backside and heels which required medical intervention to close and she did have conscious pain and suffering and did have a disability and a great disfigurement and was caused to expend certain amounts of money for medical, hospital and surgical care to be cured of her ills. Plaintiff's decedent was likewise caused to miss those activities such as visits with her family and friends during her illness.

12. Plaintiff's Decedent died of other causes and therefore PETER CANGELOSI was duly appointed Special Administrator of the Estate of Concetta Cangelosi

and brings this survival action within two years of the date of injury pursuant to 735 ILCS 5/13-209 (a) as she leaves surviving her, two adult children, PETER and VINGENE.

WHEREFORE, Plaintiff, PETER CANGELOSI, Special Administrator for the Estate of CONCETTA CANGELOSI deceased, prays for judgment against the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME in an amount in excess of the minimal jurisdictional limits in this court and for such other and just compensation as this court may deem equitable plus interest and costs of this suit.

## COUNT II

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorney, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME and states as follows:

1. That on and before April 30, 2007 and at all times hereinafter mentioned the Defendant SUNRISE SENIOR LIVING SERVICES INC was a foreign corporation, licensed to and doing business in the State of Illinois, County of Cook operating and owning nursing homes and was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME) and was the operator manager and employer of those who work at a facility known as a

Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

2.   Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C was the licensee of an assigned living center commonly known as a CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 451/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

3.   That on or before April 30, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, was a citizen of the State of Illinois and county of Cook and was then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendant CHURCH CREEK NURSING HOME facility in Arlington Heights.

4.   That the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME were at all times hereinafter mentioned foreign corporations and the Plaintiff was a resident of the State of

Illinois and the matter in controversy was valued at over $75,000.00 thereby gaining the jurisdiction of this court by reason of diversity of citizenship.

5. That at all times mentioned herein and specifically on or about April 30, 2007 it was the duty of the Defendants (referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 and common law to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

5. That not withstanding the duty aforementioned, the Defendants by and through their agents and servants were guilty of one or more of the following acts of negligence or omission to wit:

    a. Carelessly and negligently failed to keep the side rails up on the Plaintiff's bed.

    b. Carelessly and negligently failed to monitor the patient from time to time when she was in bed.

    c. Carelessly and negligently failed to respond to the Plaintiff's decedent or assist the Plaintiff's decedent when she called for help.

    d. Carelessly and negligently failed to properly insure the position of the Plaintiff's decedent in bed to insure that she would not fall from the bed.

    e. Was otherwise careless and negligent in their care of Plaintiff's decedent in violation of 210 ILCS 45/3-601.

6. That as a direct and proximate result of one or more of the aforementioned acts of negligence or omissions, the Plaintiff's decedent fell out of her nursing home bed and fractured her leg and subsequently as a direct and proximate cause of the fractured leg

died on or about July 30, 2007 a contributing cause of death being listed on the death certificate as the fractured leg.

7.   That the decedent left surviving her two adult children, namely: PETER CANGELOSI and VINGENE CANGELOSI who as a result of the decedent's death have been and will be deprived of their mother's guidance, services and companionship and have each suffered from the grief as a result of their mother's death.

8.   That the estate of the decedent has become liable to pay the funeral and burial and medical expenses relating to the treatment and subsequent death of decedent.

WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI Deceased prays for judgment against the Defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME and each of them in excess of the minimal jurisdiction of this Court and for such other and just costs and compensation as this Court may consider fair.

## COUNT III

COMES NOW the Plaintiff, PETER CANGELOSI AS SPECIAL ADMINISTRATOR OF THE ESTATE OF CONCETTA CANGELOSI, DECEASED, by and through his attorneys, LEE PHILLIP FORMAN, LTD., and complaining of the Defendants, SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH

CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME and states as follows:

1.-6.   Plaintiff realleges and reaffirms Paragraph 1 through 6 of Count II as this paragraph 1 through 6 of Count III.

7.   PETER CANGELOSI is the duly appointed Special Administrator of the Estate of CONCETTA CANGELOSI deceased and brings this cause of action on behalf of the Estate pursuant to the provisions of the Illinois Survival Act, 755 ILCS Sections 5/27-6 et seq.

8.   As a direct and proximate result of the negligence of the defendants and each of them CONCETTA CANGELOSI suffered the following damages in her lifetime:

   a.   Pain and suffering

   b.   Medical expenses

   c.   Loss of the normal enjoyment of life

WHEREFORE, the Plaintiff, PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI deceased, prays for judgment against the defendants SUNRISE SENIOR LIVING SERVICES INC, a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE    L.L.C. Licensee of CHURCH CREEK NURSING HOME and each of them in an amount in excess of the minimal jurisdiction of this Court and for such other and just costs and compensation as this Court may consider fair.

LEE PHILLIP FORMAN LTD

BY: _____/s/s Lee Forman

LEE PHILLIP FORMAN LTD.
Attorney for Plaintiff
1301 W. 22nd Street
Oak Brook Illinois 60523
630 575 1040
0848883