263-063202                                              TED/sxf

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER CANGELOSI, as Special Administrator of the Estate of CONCETTA CANGELOSI, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 08 C 0438 Judge Kennelly |
| v. | ) ) | Magistrate Judge Valdez |
| SUNRISE SENIOR LIVING SERVICES, LIVING, INC., a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE L.L.C. Licensee of CHURCH CREEK NURSING HOME | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

**NOW COME**, the Defendants, SUNRISE SENIOR LIVING SERVICES INC., and SUNRISE CONTINUING CARE, LLC, by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and for their answers to Plaintiff's Second Amended Complaint at Law, state as follows:

**COUNT I**

1.      That on and before February 5, 2007 and all times hereinafter mentioned the Defendant SUNRISE SENIOR LIVING SERVICES INC was a corporation existing under the laws of , and had it's principal place of business in the State of VIRGINIA and was licensed to and doing business in the State of Illinois, County of Cook operating and owning nursing homes and was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are referred to as

CHURCH CREEK NURSING HOME) and was the operator manager and employer of those who work at a facility known as a Nursing Home located at 1200 West Central Road, Arlington Heights Illinois, County of Cook and operated under the auspices of 210 ILCS 45 1/101 the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

**ANSWER**:   Defendant, SUNRISE SENIOR LIVING SERVICES, INC., admits that at the time Plaintiff commenced this action, it was a corporation organized and existing under the laws of the state of Delaware, that it maintained its principal place of business in Virginia, and was licensed to do and was doing business in Illinois. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., further admits that it was the manager of the facility known as CHURCH CREEK, an Illinois licensed skilled nursing facility, located at 1200 West Central Road, Arlington Heights, Illinois. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., only admits that the NURSING HOME CARE ACT, 210 ILCS 45-1/101 *et seq*., exists. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., denies the remaining allegations contained in paragraph one of Count I of the Second Amended Complaint.

2. Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C. was a DELAWARE Corporation having it's principal place of business in the state of VIRGINIA and its sole member was SUNRISE SENIOR LIVING SERVICES, INC a DELAWARE Corporation also having its principal place of business in VIRGINIA and was the licensee of an assigned living center commonly known as a CHURCH CREEK NURSING HOME (hereinafter all parties are

referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 45 1/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

**ANSWER**:   Defendant, SUNRISE CONTINUING CARE, LLC, admits that at the time Plaintiff commenced this action, it was a Delaware Limited Liability Company, with its sole member being SUNRISE SENIOR LIVING SERVICES, INC., a corporation organized and existing under the laws of the state of Delaware and that it maintained its principal place of business in Virginia. Defendant, SUNRISE CONTINUING CARE, LLC, further admits that it was the licensee of CHURCH CREEK, which was an Illinois licensed skilled nursing facility, located at 1200 West Central Road, Arlington Heights, Illinois. Defendant, SUNRISE CONTINUING CARE, LLC, only admits that the NURSING HOME CARE ACT, 210 ILCS 45-1/101 *et seq.*, exists, and denies the remaining allegations contained in paragraph two of Count I of the Second Amended Complaint.

3.   That on or before February 5, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, was a citizen of the State of Illinois residing in County of Cook and was a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendants collectively known herein as CHURCH CREEK NURSING HOME a facility in Arlington Heights, County of Cook and State of Illinois.

**ANSWER**:   Defendants admit that CONCETTA CANGELOSI was a citizen of the State of Illinois. Defendants admit that CONCETTA CANGELOSI was a resident of CHURCH CREEK on or before February 5, 2007. Defendants deny the remaining allegations of paragraph three of Count I of the Second Amended Complaint.

4. That at all times mentioned herein the Plaintiff PETER CANGELOSI acting as the Special Administrator of the Estate of CONCETTA CANGELOSI Deceased was a citizen of the State of Illinois and resided in Cook County.

**ANSWER**:   Defendants admit the allegations contained in paragraph four of Count I of the Second Amended Complaint.

5. That since the matter in controversy is valued at over $75,000.00 and is a cause of action between Citizens of the State of Illinois and Corporations incorporated in the State of Delaware and members of an L.L.C. who are incorporated in the State of Delaware with principal place of business in the State of VIRGINIA the Plaintiff attempts to obtain the jurisdiction of this court by reason of diversity of citizenship.

**ANSWER:**   Defendants admit the cause of action is between a citizen of Illinois and a corporation organized and existing under the laws of Delaware with its principal place of business in Virginia and a Delaware Limited Liability Company with its sole member being a corporation organized and existing under the laws of Delaware with its principal place of business in Virginia. Defendants only admit that the amount in controversy exceeds $75,000, and that this Court has proper jurisdiction over this matter pursuant to diversity jurisdiction. Defendants deny the remaining allegations of paragraph five of Count I of the Second Amended Complaint.

6. That on or between November 6, 2006 and February 5, 2007 the Plaintiff's decedent did not have any active ongoing decubitus wounds on her backside but did have some small areas of redness.

**ANSWER**: Defendants deny the allegations contained in paragraph six of Count I of the Second Amended Complaint.

7. That by February 5, 2007 the Plaintiff's decedent developed a severe decubitus on her back side which in time thereafter developed from a Stage 1 to a Stage IV decubitus which necessitated major medical care to attempt to cure her.

**ANSWER**: Defendants deny the allegations contained in paragraph seven of Count I of the Second Amended Complaint.

8. That on or about June 27, 2007 she was required to were braces on her feet which then and there served as an additional pressure causing pressure ulcers to form on her heels.

**ANSWER**: Defendants deny the allegations contained in paragraph eight of Count I of the Second Amended Complaint.

9. That at all times mentioned herein it was the duty of the Defendants (collectively referred to as CHURCH CREEK NURSING HOME) by and through it's various nurses, doctors, and home health care providers under both 210 ILCS 45/3-601 to insure that no intentional or negligent acts of their agents or employees would cause injury to Plaintiff's decedent.

**ANSWER**: Defendants admit only that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations of paragraph nine of Count I of the Second Amended Complaint.

10. Further, under and pursuant to 42 C.F.R. Section 483.25 c the Defendant at all times herein owned a duty to the Plaintiff's decedent, to insure that the Plaintiff's decedent who was a resident at Defendant's facility in November 2006 without pressure sores did not develop pressure sores on her buttocks or heels and further owned a duty to insure that Plaintiff's decedent was given the necessary treatment and services to promote the healing and prevent infection and prevent new sores from developing from any apparent redness at the time of admission.

**ANSWER**: Defendants admit only that 42 C.F.R. Section 483.25 c exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations of paragraph ten of Count I of the Second Amended Complaint.

11. That notwithstanding the duties aforementioned, the Defendant by and through its agents and employees were guilty of one or more the aforementioned acts of negligence or omission to wit:

   a. Carelessly and negligently failed to provide the Plaintiff's decedent with the necessary cushions, pads and mattresses necessary to prevent decubitus when they knew or should have known that the Plaintiff's decedent was incontinent and had diarrhea.

   b. Carelessly and negligently failed to turn the plaintiff's decedent or move her seated position every two hours consistent with 42 C.F.R. Section 483.

   c. Carelessly and negligently failed to notice pressure sores timely and treat them with good sound medical care to prevent them from becoming progressively worse.

   d. Carelessly and negligently failed to prevent Plaintiff's decedent from developing Decubitus lesions.

   e. Carelessly and negligently failed to prevent developing decubitus lesions from spreading or becoming worse.

    f.    Carelessly and negligently failed to perform comprehensive assessments, skin assessments and medically review Plaintiff's decedent's decubitus problem.

    g.    Was otherwise careless and negligent in the care and treatment of Plaintiff's decedent.

**ANSWER**: Defendants admit only that 42 C.F.R. Section 483 exists and deny the remaining allegations of paragraph eleven, (a-g) inclusive, of Count I of the Second Amended Complaint.

12.    That as a direct and proximate result of one or more of the aforesaid unskillful and negligent acts of the defendant acting by and through their agents, and employees, the decedent's condition of ill-being became worse and as a result of which she suffered a crater like decubitus lesion on her backside and heels which required medical intervention to close and she did have conscious pain and suffering and did have a disability and a great disfigurement and was caused to expend certain amounts of money for medical, hospital and surgical care to be cured of her ills. Plaintiff's decedent was likewise caused to miss those activities such as visits with her family and friends during her illness.

**ANSWER**: Defendants deny the allegations of paragraph twelve of Count I of the Second Amended Complaint.

13.    Plaintiff's Decedent died of other causes and therefore PETER CANGELOSI was duly appointed Special Administrator of the Estate of Concetta Cangelosi and brings this survival action within two years of the date of injury pursuant to 735 ILCS 5/13-209(a) as she leaves surviving her, two adult children, PETER and VINGENE.

**ANSWER**: Defendants only admit that 735 ILCS 5/13-209(a) exists and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirteen of Count I of the Second Amended Complaint.

>Therefore, Defendants neither admit nor deny the remaining allegations, but demand strict proof thereof.

**WHEREFORE**, Defendants, SUNRISE SENIOR LIVING SERVICES, INC., and SUNRISE CONTINUING CARE LLC, state that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

## COUNT II

1.   That on or before April 30, 2007 and all times hereinafter mentioned the Defendant SUNRISE SENIOR LIVING SERVICES INC was a DELAWARE corporation, and had it's principal place of business in the State of VIRGINIA and was licensed to and doing business in the State of Illinois, County of Cook operating and owning nursing homes and was commonly known under the assumed name as CHURCH CREEK NURSING HOME located at 1200 West Central Road, Arlington Heights Road, Il. (hereinafter all defendants are referred to as CHURCH CREEK NURSING HOME) and was the operator manager and employer of those who work at a facility known as a Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 45 1/101 the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, of possessing the minimal degree of skill necessary to perform the above function.

**ANSWER**:   Defendant, SUNRISE SENIOR LIVING SERVICES, INC., admits that at the time Plaintiff commenced this action, it was a corporation organized and existing under the laws of the state of Delaware, that it maintained its principal place of business in Virginia, and was licensed to do and was doing business in Illinois. Defendant,

       SUNRISE SENIOR LIVING SERVICES, INC., further admits that it is was the manager of the facility known as CHURCH CREEK, an Illinois licensed skilled nursing facility, located at 1200 West Central Road, Arlington Heights, Illinois. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., only admits that the NURSING HOME CARE ACT, 210 ILCS 45-1/101 *et seq*., exists. Defendant, SUNRISE SENIOR LIVING SERVICES, INC., denies the remaining allegations contained in paragraph one of Count I of the Second Amended Complaint.

2.     Further, at all times mentioned herein, SUNRISE CONTINUING CARE L.L.C. was a DELAWARE Corporation having it's principal place of business in the state of VIRGINIA and its sole member was SUNRISE SENIOR LIVING SERVICES, INC a DELAWARE Corporation also having its principal place of business in VIRGINIA and was the licensee of an assigned living center commonly known as a CHURCH CREEK NURSING HOME (hereinafter all parties are referred to as CHURCH CREEK HEALTH CARE) and was an Illinois Nursing Home located at 1200 West Central Road, Arlington Heights, Illinois, County of Cook and operated under the auspices of 210 ILCS 45 1/101 known as the NURSING HOME CARE ACT and held themselves out to be capable of, through their duly authorized agents, servants and employees, possessing the minimal degree of skill necessary to perform the above functions.

**ANSWER**:   Defendant, SUNRISE CONTINUING CARE, LLC, admits that at the time Plaintiff commenced this action, it was a Delaware Limited Liability Company, with its sole member being SUNRISE SENIOR LIVING SERVICES, INC., a corporation organized and existing under the laws of the state of Delaware and that it maintained its principal place of business in Virginia. Defendant, SUNRISE CONTINUING

9

          CARE, LLC, further admits that it was the licensee of CHURCH CREEK, which was an Illinois licensed skilled nursing facility, located at 1200 West Central Road, Arlington Heights, Illinois. Defendant, SUNRISE CONTINUING CARE, LLC, only admits that the NURSING HOME CARE ACT, 210 ILCS 45-1/101 *et seq.*, exists, and denies the remaining allegations contained in paragraph two of Count I of the Second Amended Complaint.

3.    That on or before April 30, 2007 the Plaintiff's Decedent, CONCETTA CANGELOSI, was a citizen of the State of Illinois and County of Cook and was then a senior citizen over the age of 90 suffering from congestive heart failure, coronary artery disease, obesity, and osteoporosis, some incontinence, bowel difficulties including diarrhea and other disabilities placed herself into the in home care of the Defendant CHURCH CREEK NURSING HOME facility in Arlington Heights.

**ANSWER**:    Defendants admit that CONCETTA CANGELOSI was a citizen of the State of Illinois and County of Cook. Defendants admit that CONCETTA CANGELOSI was a resident of CHURCH CREEK on or before April 30, 2007, and deny the remaining allegations of paragraph three of Count II of the Second Amended Complaint.

4.    That at all times mentioned herein the Plaintiff PETER CANGELOSI acting as the Special Administrator of the Estate of CONCETTA CANGELOSI Deceased was a citizen of the State of Illinois and resided in Cook County.

**ANSWER**:    Defendants admit the allegations of paragraph four of Count II of the Second Amended Complaint.

5.  That the Defendants SUNRISE SENIOR LIVING SERVICES INC, was a Delaware Corporation d/b/a CHURCH CREEK NURSING HOME and SUNRISE CONTINUING CARE, L.L.C. was a Delaware Corporation both having their principal place of business in the State of Virginia and SUNRISE SENIOR LIVING SERVICES INC, being the sole member of SUNRISE CONTINUING CARE L.L.C. and operating as the Licensee of CHURCH CREEK NURSING HOME and the Plaintiffs being Citizens of the State of Illinois and the matter in controversy was valued at over $75,000.00 the Plaintiffs seek the jurisdiction of this court by reason of diversity of citizenship.

**ANSWER:**  Defendant, SUNRISE SENIOR LIVING SERVICES, INC., admits that it was a corporation organized and existing under the laws of Delaware with its principal place of business in Virginia.  Defendant, SUNRISE CONTINUING CARE, LLC, admits that it was a Delaware Limited Liability Company with its sole member being SUNRISE SENIOR LIVING SERVICES, INC., a corporation organized and existing under the laws of Delaware with its principal place of business in Virginia. Defendant, SUNRISE CONTINUING CARE, LLC, further admits that it was the licensee of CHURCH CREEK.  Both Defendants admit that the Plaintiff is a citizen of Illinois and that the amount in controversy exceeds $75,000, and that this Court has proper jurisdiction over this matter pursuant to diversity jurisdiction. Defendants deny the remaining allegations of paragraph five of Count II of the Second Amended Complaint.

6. That at all times mentioned herein and specifically on or about April 30, 2007 it was the duty of the Defendants (referred as CHURCH CREEK NURSING HOME) by through it's various nurses, doctors, and health care providers under both 210 ILCS 45/3-601 and common law to insure that no intentional or negligent acts of their agents or employees would cause injury to the Plaintiff's decedent.

**ANSWER:** Defendants admit only that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations of paragraph six of Count II of the Second Amended Complaint.

7. That not withstanding the duty aforementioned, the Defendants by and through their agents and servants were guilty of one or more of the following acts of negligence or omission to wit:

    a. Carelessly and negligently failed to keep the side rails up on the Plaintiff's bed.

    b. Carelessly and negligently failed to monitor the patient from time to time when she was in bed.

    c. Carelessly and negligently failed to respond to the Plaintiff's decedent or assist the Plaintiff's decedent when she called for help.

    d. Carelessly and negligently failed to properly insure the position of the Plaintiff's decedent in bed to insure that she would not fall from the bed.

    e. Was otherwise careless and negligent in their care of Plaintiff's decedent in violation of 210 ILCS 45/3-601.

**ANSWER**: Defendants admit only that 210 ILCS 45/3-601 exists and state affirmatively that they followed all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations of paragraph seven, (a-e), inclusive of Count II of the Second Amended Complaint.

8. That as a direct and proximate result of one or more of the aforementioned acts of negligence or omissions, the Plaintiff's decedent fell out of her nursing home bed and fractured her leg and subsequently as a direct and proximate cause of the fractured leg died on or about July 30, 2007 a contributing cause of death listed on the death certificate as the fractured leg.

**ANSWER**: Defendants deny the allegations of paragraph eight of Count II of the Second Amended Complaint.

9. That the decedent left surviving her two adult children, namely: PETER CANGELOSI and VINGENE CANGELOSI who as a result of the decedent's death have been and will be deprived of their mother's guidance, services and companionship and have each suffered from the grief as a result of their mother's death.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine of Count II of the Second Amended Complaint. Therefore, Defendants neither admit nor deny the allegations, but demand strict proof thereof.

10. That the estate of the decedent has become liable to pay the funeral and burial and medical expenses relating to the treatment and subsequent death of decedent.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of Count II of the Second Amended Complaint. Therefore, Defendants neither admit nor deny the allegations, but demand strict proof thereof.

**WHEREFORE**, Defendants, SUNRISE SENIOR LIVING SERVICES, INC., and SUNRISE CONTINUING CARE LLC, state that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

### COUNT III

1.-8. Plaintiff realleges and reaffirms Paragraph 1 through 8 of Count II as this paragraph 1.-8. of Count III.

**ANSWER**: Defendants reassert and reallege their responses to paragraphs one through eight of Count II as and for their responses to paragraphs one through eight of Count III and incorporates them by reference as though fully set forth herein.

9. PETER CANGELOSI is the duly appointed Special Administrator of the Estate of CONCETTA CANGELOSI decreased and brings this cause of action on behalf of the Estate pursuant to the provisions of the Illinois Survival Act, 755 ILCS Sections 5/27-6 et seq.

**ANSWER**: Defendants admit only that the Illinois Survival Act, 755 ILCS Sections 5/27-6 *et seq.*, exists. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph nine of

    Count III of the Second Amended Complaint.  Therefore, Defendants neither admit

    nor deny the remaining allegations, but demand strict proof thereof.

10. As a direct and proximate result of the negligence of the defendants and each of them CONCETTA CANGELOSI suffered the following damages in her lifetime:

  a. Pain and suffering

  b. Medical expenses

  c. Loss of the normal enjoyment of life.

**ANSWER**: Defendants deny the allegations of paragraph ten, (a-c), inclusive of Count III of the Second Amended Complaint.

  **WHEREFORE**, Defendants, SUNRISE SENIOR LIVING SERVICES, INC., and SUNRISE CONTINUING CARE LLC, state that Plaintiff is not entitled to judgment in any sum whatsoever and ask that this Honorable Court dismiss this cause with prejudice and costs.

        Respectfully submitted,

        /s/ Robert E. Sidkey
        PRETZEL & STOUFFER, CHARTERED
        One S. Wacker Drive
        Suite 2500
        Chicago, IL 60606
        Telephone: (312) 578-7489
        Fax: (312) 346-8242
        rsidkey@pretzel-stouffer.com
        *Attorney for Defendants*

## CERTIFICATE OF SERVICE

A copy of Defendants' **Answer to Second Amended Complaint** was filed electronically this **6th day of February, 2008. Notice** of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

                                          s/Robert E. Sidkey
                                          Robert E. Sidkey (Illinois Bar No. 6271444)
                                          Pretzel & Stouffer, Chartered
                                          One South Wacker Drive-Suite 2500
                                          Chicago, Illinois 60606
                                          Telephone: (312) 578-7489
                                          Fax: (312) 346-8242
                                          E-Mail: rsideky@pretzel-stouffer.com
                                          Attorneys for Defendant

**ATTORNEY FOR PLAINTIFF**
Lee P. Forman, Esq.
Lee Phillip Forman, Ltd.
1301 West 22nd Street
Suite 603
Oak Brook, IL 60523
PH: (630) 575-1040
FX: (630) 572-9763
lee4man@sbcglobal.net